IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD STEWART,

                                                        ORDER

            Plaintiff,

                                                 10-cv-409-bbc

    v.

KAREN E. TIMBERLAKE, Secretary,
State of Wisconsin;
JOHN EASTERDAY, Administrator,
State of Wisconsin;
STEVE WATTERS, Former Director,
Sand Ridge Secure Treatment Center;
and DEB MCCULLOCH, Director,
Sand Ridge Secure Treatment Center;

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ronald Stewart, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has filed a proposed complaint for declaratory and injunctive relief under 42 U.S.C. § 1983. In addition, he has submitted a request for leave to proceed in forma pauperis.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform

1

Act.  Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999).  From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance.  Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee.  He will qualify for indigent status with respect to the remainder of the fee.  (The in forma pauperis statute does not permit a court to waive all of a plaintiff's obligation to pay filing fees.  All it does is allow a court to grant qualifying individuals leave to proceed without prepaying some or all of the filing fee.)

Plaintiff has not provided a resident account statement in support of his request for leave to proceed in forma pauperis.  He will have to do so if he intends to pursue his request.  Because plaintiff's complaint was submitted on July 20, 2010, his resident account statement should cover the period beginning approximately January 18, 2010 and ending approximately July 19, 2010.  If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.


ORDER

IT IS ORDERED that plaintiff Ronald Stewart may have until August 13, 2010, in which to submit a certified copy of his resident account statement beginning approximately January

2

18, 2010 and ending approximately approximately July 19, 2010. If, by August 13, 2010, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

    Entered this 23d day of July, 2010.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge