IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD STEWART,

                                      Plaintiff,

      v.

KAREN E. TIMBERLAKE, Secretary,
State of Wisconsin;
JOHN EASTERDAY, Administrator,
State of Wisconsin;
STEVE WATTERS, Former Director,
Sand Ridge Secure Treatment Center;
and DEB MCCULLOCH, Director,
Sand Ridge Secure Treatment Center;

                                       Defendants.

ORDER

10-cv-409-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated September 22, 2010, I granted plaintiff Ronald Stewart leave to proceed on his claims that defendants were violating his rights under the First Amendment and Wis. Stat. § 51.61 by prohibiting him from owning video games and video game systems.  Now plaintiff has filed a "motion for reconsideration," in which he asks the court to apply strict scrutiny to defendants' policy rather than the more deferential standard under Turner v. Safley, 482 U.S. 78 (1987) because he is a patient rather than a prisoner.  The

1

motion will be denied. I have not yet determined what standard of review applies to plaintiff's claim; I have concluded only that he states a claim upon which relief may be granted under the First Amendment regardless of which standard applies. If plaintiff believes that the court should apply strict scrutiny in evaluating his claim, he may assert that argument at summary judgment.

ORDER

IT IS ORDERED that plaintiff Ronald Stewart's motion for reconsideration, dkt. #11, is DENIED.

Entered this 12th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge