IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD STEWART,

                Plaintiff,

  v.

JOHN EASTERDAY, Administrator,
State of Wisconsin;
STEVE WATTERS, Former Director,
Sand Ridge Secure Treatment Center;
and DEB McCULLOCH, Director,
Sand Ridge Secure Treatment Center;

                Defendants.

ORDER

10-cv-409-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Ronald Stewart filed this lawsuit in 2010, challenging a policy at the Sand Ridge Secure Treatment Center that prohibited patients there from owning video games and video game systems. (Plaintiff is a civilly committed patient under Wis. Stat. ch. 980 because the state has determined that he is a sexually violent person.) Plaintiff asserted claims under both the First Amendment and Wis. Stat. § 51.61. In an order dated September 19, 2011, I granted defendants' motion for summary judgment on the federal claim on the ground that the ban on video games is reasonably related to defendants' interests in preventing patients from both (1) focusing on playing video games to the detriment of their treatment needs and (2) using video games to groom potential victims. I dismissed plaintiff's state law claim without prejudice under 28 U.S.C. § 1367(c)(3). Dkt.

1

#87.  Judgment was entered the following day.  Dkt. #88.  Plaintiff then filed a motion for reconsideration, which I denied as well.  Dkt. ##89 and 91.  Plaintiff did not appeal the judgment.

Five years later, plaintiff has filed a motion to reopen the case under Fed. R. Civ. P. 60.  Dkt. #93.  In addition, plaintiff has filed what he calls a "motion in limine to exclude irrelevant and prejudicial evidence."  Dkt. #96.  I am denying both motions, for the reasons explained below.

In support of his motion to reopen, plaintiff cites Rule 60(d)(3), which allows a court to set aside a judgment for fraud.  However, plaintiff does not identify any fraud that occurred in this case.  Instead, his motion is devoted to rearguing the merits of his claim, relying on cases decided after the 2010 judgment.

Plaintiff's motion must be denied for several reasons.  First, Rule 60 "cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect."  Hill v. Rios, 722 F.3d 937, 938 (7th Cir. 2013).  If plaintiff believed that the court erred by dismissing his claims, he should have filed an appeal.  He cannot rely on cases decided after the judgment to get another bite at the apple.  Banks v. Chicago Board of Education, 750 F.3d 663, 667 (7th Cir. 2014) ("[E]rrors of law and fact generally do not warrant relief [under Rule 60.]").  Second, a Rule 60 motion must be brought within a "reasonable time," Fed. R. Civ. P. 60(c), but the cases plaintiff cites were issued in 2013.  He does not explain why he waited another two years to bring this motion.

Finally, even if I could consider the cases plaintiff cites, they would not help him.  In

Pesci v. Budz, 730 F.3d 1291, 1297 (11th Cir. 2013), the court held that interests in "retribution and general deterrence" are not legitimate in the civil detention context. In Lingle v. Kibby, 526 F. App'x 665, 667 (7th Cir. 2013), the court concluded that civilly committed patients stated a claim under the Constitution by alleging that officials banned gaming devices for no reason but to retaliate against the patients for filing another lawsuit. Pesci is not instructive because the defendants in this case did not rely on interests in retribution or general deterrence to justify the gaming ban. Rather, they argued that the games distracted patients from their rehabilitation goals and created a risk that patients would use the games to "groom" potential victims. Lingle is not instructive because the court did not hold that the ban was invalid. Rather, because the court was reviewing the dismissal of a complaint, the court was required to accept as true the patients' allegation that the ban had no legitimate purpose. I did the same when screening plaintiff's complaint. However, I granted defendants' motion at summary judgment because the record showed that defendants' concerns were legitimate and reasonable. This is consistent with Lingle. Id. at 668 (stating that question at summary judgment is whether "professional judgment may reasonably conclude from the evidence that the ban supports the well-being of the sexually violent detainees").

In plaintiff's second motion, he asks the court to "direct the defendants and their witnesses not to make any mention either directly or indirectly of plaintiff's status as [a sexually violent person] or underlying commitment and that the amorphous term 'Secure Treatment Center' also be excluded as evidence." Dkt. #96. Because I am denying

plaintiff's motion to reopen the case, this motion is moot.

ORDER

IT IS ORDERED that

1. Plaintiff Ronald Stewart's motion to reopen the judgment, dkt. #93, is DENIED.

2. Plaintiff's "motion in limine," dkt. #96, is DENIED as moot.

Entered this 21st day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge